# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

AI PING ZHANG,

    Petitioner,

v.                                                                           CV 06-0709 MV/WPL

ANTHONY ROMERO,

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Petitioner filed a pro se petition for writ of habeas corpus claiming that he is being illegally detained by the Bureau of Immigration and Customs Enforcement (ICE). (Doc. 1.) Although the title of his pleading refers to declaratory and "inductive" relief, the only specific relief requested by Petitioner is that he be released or placed under an order of supervision. (Doc. 1 at 1, 16.)

On September 12, 2006, Respondent filed a motion to dismiss. (Doc. 6.) Respondent argues that the petition is moot because on September 8, 2006, Petitioner was released from ICE custody and placed on conditions of supervised release. (*Id.* at 1, Ex.1.) Respondent served the motion to dismiss on Petitioner in care of the Department of Homeland Security in Washington, D.C.

On September 13, 2006, I issued an order allowing Petitioner until October 6, 2006 to file a response to the motion to dismiss. (Doc. 8.) The Clerk was directed to serve the order on Petitioner by mailing a copy to the correctional center where he had been housed and to the Department of Homeland Security. (*Id.*) To this date, no response has been filed.

I agree with Respondent that Petitioner's release from custody renders his habeas petition moot. *See, e.g., Boyce v. Ashcroft*, 268 F.3d 953, 954 (10th Cir. 2001). Therefore, the petition

should be dismissed unless an exception to the mootness doctrine applies.

The Tenth Circuit has recognized four exceptions to the mootness doctrine: 1) secondary or collateral injuries will survive after resolution of the primary injury; 2) the issue is capable of repetition while evading review; 3) the respondent voluntarily ceases an illegal practice but is free to resume it at any time; and 4) the case is a properly certified class action. *Riley v. Immigration & Naturalization Serv.*, 310 F.3d 1253, 1257 (10th Cir. 2002). This case is not a class action. Moreover, I agree with Respondent that there is nothing in the record before me to indicate that the other exceptions apply. *See id.*

### Recommendation

I recommend that the motion to dismiss (Doc. 6) be granted and that the petition for writ of habeas corpus (Doc. 1) be dismissed without prejudice.

### Directions for Service

The Clerk shall serve this document on Petitioner by mailing a copy to:

Ai Ping Zhang (70116176)
Regional Correctional Center
415 Roma Avenue, NW
Albuquerque, NM 87102; and

Ai Ping Zhang
c/o Office of Detention and Removal Operations
U.S. Department of Homeland Security
801 I Street, NW
Washington, DC 20536

**THE PARTIES ARE NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

*(signature)*
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE